UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Anais Rivera, Catherine Karnoff, Chloe Lyttles, Meghan Sever, and Richmond Jeffrey, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action*,

                              *Plaintiffs*,

        *- against -*

Rebel Dawg, Inc., Stacie Amador, and David Yett,

                              *Defendants*.
-----------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

      Plaintiffs Anais Rivera ("Rivera"), Catherine Karnoff ("Karnoff"), Chloe Lyttles ("Lyttles"), Meghan Sever ("Sever"), and Richmond Jeffrey ("Jeffrey", and collectively the "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, brings this complaint against Defendants Rebel Dawg, Inc. (the "Corporate Defendant"), Stacie Amador, and David Yett (the "Individual Defendants", and collectively with the Corporate Defendant, the "Defendants") and state as follows:

## NATURE OF THE ACTION

      1.    Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

      2.    Plaintiffs seek injunctive and declaratory relief and to recover unpaid overtime wages, unpaid spread-of-hours, liquidated and statutory damages, pre- and post-judgment interest,

and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

5. Venue is proper in this District of New York under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF ANAIS RIVERA**

6. Plaintiff Rivera was employed as a production worker and general worker at Defendants' apparel and accessories company, "Rebel Dawg", located at 61 Greenpoint Avenue, Brooklyn, NY 11222, from on or around March 2020 to, through and including May 2021.

7. Plaintiff Rivera was employed as a non-managerial employee at Rebel Dawg from on or around March 2020 to, through and including May 2021.

8. At all relevant times, Plaintiff Rivera has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF CATHERINE KARNOFF**

9. Plaintiff Karnoff was employed as a production worker and general worker at Rebel Dawg from on or around June 1, 2021 to, through and including June 2022.

2

10. Plaintiff Karnoff was employed as a non-managerial employee at Rebel Dawg from on or around June 1, 2021 to, through and including June 2022.

11. At all relevant times, Plaintiff Karnoff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF CHLOE LYTTLES**

12. Plaintiff Lyttles was employed as a production worker and general worker at Rebel Dawg from on or around April 2021 to, through and including June 2022.

13. Plaintiff Lyttles was employed as a non-managerial employee at Rebel Dawg from on or around April 2021 to, through and including June 2022.

14. At all relevant times, Plaintiff Lyttles has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF MEGHAN SEVER**

15. Plaintiff Sever was employed as a production worker and general worker at Rebel Dawg from on or around May 2021 to, through and including April 2022.

16. Plaintiff Sever was employed as a non-managerial employee at Rebel Dawg from on or around May 2021 to, through and including April 2022.

17. At all relevant times, Plaintiff Sever has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF RICHMOND JEFFREY**

18. Plaintiff Jeffrey was employed as a production worker and general worker at Rebel Dawg, from on or around December 2019 to, through and including June 14, 2022.

19. Plaintiff Jeffrey was employed as a non-managerial employee at Rebel Dawg from on or around December 2019 to, through and including June 14, 2022.

20. At all relevant times, Plaintiff Jeffrey has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT REBEL DAWG, INC.**

21. Upon information and belief, Defendant Rebel Dawg, Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 61 Greenpoint Avenue, Brooklyn, NY 11222, and has an alternate address at 120 North 7th Street, Apt. 3B, Brooklyn, NY 11249.

22. At all times relevant to this Complaint, Defendant Rebel Dawg, Inc. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

23. At all times relevant to this Complaint, Defendant Rebel Dawg, Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

24. At all times relevant to this Complaint, Defendant Rebel Dawg, Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT STACIE AMADOR**

25. Defendant Stacie Amador is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26. Defendant Stacie Amador is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendant.

27. Defendant Stacie Amador possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

28. Defendant Stacie Amador determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

29. At all times relevant to this Complaint, Defendant Stacie Amador was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT DAVID YETT**

30. Defendant David Yett is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

31. Defendant David Yett is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendant.

32. Defendant David Yett possesses or possessed operational control over the Corporate Defendant, or controlled significant functions of the Corporate Defendant.

33. Defendant David Yett determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

34. At all times relevant to this Complaint, Defendant David Yett was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

35. The Individual Defendants possess operational control over the Corporate

Defendant, possess an ownership interest in the Corporate Defendants, and control significant functions of the Corporate Defendant.

36. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

38. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

39. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

40. Upon information and belief, the Individual Defendants operate the Corporate Defendant as either an alter ego of themselves, and/or fails to operate the Corporate Defendant as an entity legally separate and apart from themselves, by, among other things:

    a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendant as a separate and legally distinct entity;

    b. defectively forming or maintaining the Corporate Defendant, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    c. transferring assets and debts freely as between all Defendants;

    d.      operating the Corporate Defendant for their own benefit as the majority shareholders;

    e.      operating the Corporate Defendant for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    f.      intermingling assets and debts of their own with the Corporate Defendant;

    g.      diminishing and/or transferring assets of the Corporate Defendant to protect their own interests; and

    h.      other actions evincing a failure to adhere to the corporate form.

41.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

42.    Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

*Anais Rivera*

43.    Rivera was an employee of Defendants.

44.    Rivera worked as a production worker and general worker at "Rebel Dawg".

45.    From approximately March 1, 2020 to, through and including March 15, 2020, Rivera worked three (3) or four (4) days a week: from 10:00 a.m. to 4:30 p.m., for an average total of approximately 6.5 hours each day, and for an average total period of approximately 22.75 hours during each of the weeks, respectively.

46.    From approximately June 15, 2020 to, through and including May 2021, Rivera worked five (5) days a week: from 10:00 a.m. to 4:30 p.m., for an average total of approximately

6.5 hours each day, and for an average total period of approximately 32.5 hours during each of the weeks, respectively

47. During Defendants' busy seasons (*i.e.,* September, December – January), Rivera worked six (6) days a week: from 8:00 a.m. or 9:00 a.m., to 6:00 p.m. or 7:00 p.m. (*i.e.,* 9 to 11 hours per day) for an average total of approximately 54 to 66 hours during each of the weeks, respectively.

48. From approximately March 2020 through and including May 2021, Defendants paid Rivera $15.50 per hour, for all hours worked.

*Catherine Karnoff*

49. Karnoff was an employee of Defendants.

50. Karnoff worked as a production worker and general worker at "Rebel Dawg".

51. From approximately June 1, 2021 to, through and including June 2022, Karnoff worked six (6) days a week: from 8:00 a.m. or 9:00 a.m., to 3:30 p.m. (*i.e.,* 6.5 to 7.5 hours per day) for an average total of approximately 39 to 45 hours during each of the weeks, respectively.

52. During Defendants' busy seasons (*i.e.,* September, December – January), Karnoff worked six (6) days a week: from 8:00 a.m. or 9:00 a.m., to 6:00 p.m. or 7:00 p.m. (*i.e.,* 9 to 11 hours per day) for an average total of approximately 54 to 66 hours during each of the weeks, respectively.

53. From approximately June 1, 2021 to, through and including February 2022, Defendants paid Karnoff $25 per hour, for all hours worked.

54. From approximately March 2022 to, through and including June 2022, Defendants paid Karnoff $30 per hour, for all hours worked.

*Chloe Lyttles*

55. Lyttles was an employee of Defendants.

56. Lyttles worked as a production worker and general worker at "Rebel Dawg".

57. From approximately April 2021 to, through and including January 2022, Lyttles worked five (5) days a week: from 10:00 a.m. to 5:00 p.m. (*i.e.,* 7 hours per day) for an average total of approximately 35 hours during each of the weeks, respectively.

58. From approximately February 2022 to, through and including June 2022, Lyttles worked five (5) days a week: from 8:00 a.m. to 5:00 p.m. (*i.e.,* 9 hours per day) for an average total of approximately 45 hours during each of the weeks, respectively.

59. During Defendants' busy seasons (*i.e.,* September, December – January), Lyttles worked five (5) days a week: from 8:00 a.m. or 9:00 a.m., to 6:00 p.m. or 7:00 p.m. (*i.e.,* 9 to 11 hours per day) for an average total of approximately 45 to 55 hours during each of the weeks, respectively.

60. From approximately April 2021 to, through and including January 2022, Defendants paid Lyttles $20 per hour, for all hours worked.

61. From approximately February 2022 to, through and including June 2022, Defendants paid Lyttles $24 per hour, for all hours worked.

*Meghan Sever*

62. Sever was an employee of Defendants.

63. Sever worked as a production worker and general worker at "Rebel Dawg".

64. From approximately May 2021 to, through and including April 2022, Sever worked six (6) days a week: from 8:00 a.m. to 4:00 p.m., or 10:00 a.m. to 6:00 p.m. (*i.e.,* 8 hours per day) for an average total of approximately 48 hours during each of the weeks, respectively.

65. During Defendants' busy seasons (*i.e.,* September, December – January), Sever worked six (6) days a week: from 8:00 a.m. or 9:00 a.m., to 6:00 p.m. or 7:00 p.m. (*i.e.,* 9 to 11 hours per day) for an average total of approximately 54 to 66 hours during each of the weeks, respectively.

66. From approximately May 2021 to, through and including March 2022, Defendants paid Sever $17.50 per hour, for all hours worked.

67. From approximately March 2022 to, through and including April 2022, Defendants paid Sever $20.00 per hour, for all hours worked.

*Richmond Jeffrey*

68. Jeffrey was an employee of Defendants.

69. Jeffrey worked as a production worker and general worker at "Rebel Dawg".

70. From approximately December 2019 to, through and including June 14, 2022, Jeffrey worked five (5) days a week: from 10:00 a.m. to 6:00 p.m., (*i.e.,* 8 hours per day) for an average total of approximately 48 hours during each of the weeks, respectively.

71. During Defendants' busy seasons (*i.e.,* September, December – January), Jeffrey worked six (6) or seven (7) days a week: from 8:00 a.m. or 9:00 a.m., to 6:00 p.m. or 7:00 p.m. (*i.e.,* 9 to 11 hours per day) for an average total of approximately 54 to 77 hours during each of the weeks, respectively.

72. From approximately December 2019 through and including December 2020, Defendants paid Jeffrey $17.50 per hour, for all hours worked.

73. From approximately January 2021 through and including February 2021, Defendants paid Jeffrey $20 per hour, for all hours worked.

74. From approximately March 2021 through and including April 2021, Defendants

paid Jeffrey $23 per hour, for all hours worked.

75. From approximately May 2021 through and including June 14, 2022, Defendants paid Jeffrey $28 per hour, for all hours worked.

*Factual Allegations Pertaining to all Plaintiffs*

76. Plaintiffs and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

77. Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

78. Plaintiffs regularly worked in excess of forty (40) hours per week.

79. Plaintiffs' wages did not vary regardless of how many additional hours they worked in a week.

80. At all relevant times, Defendants did not compensate Plaintiffs for one hour's pay at the basic minimum hourly wage rate for each day their shift exceeded ten (10) hours.

81. Defendants did not state the correct gross wages, as defined by NYLL, for any employee on any pay statement as required by NYLL or deductions from the correct gross wages.

82. Defendants never granted Plaintiffs with meal breaks or rest periods of any length.

83. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

84. Plaintiffs were not required to keep track of their time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected their actual hours worked.

85. No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

86. Defendants did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

87. Defendants did not give any notice to Plaintiffs, in Plaintiffs' primary language, of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

88. At all relevant times, Defendants did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

89. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to production workers and general workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

90. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

91. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be

provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

92. Plaintiffs reserve the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

93. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

94. At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

95. Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

96. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

97. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

98. Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

99. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

100. Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

101. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

102. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

103. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

104. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Spread-of-Hours Pay)

105. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

106. Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiffs' shifts spread over more than ten (10) hours.

107. By Defendants' failure to pay Plaintiffs spread-of-hours pay, Defendants willfully

violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

108. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## FOURTH CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

109. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

110. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

111. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

112. Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FIFTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

113. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

114. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

115. As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully request that this Court enter a judgment:

a. authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

f. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g. awarding Plaintiffs unpaid overtime wages;

h. awarding Plaintiffs unpaid spread-of-hours pay;

i. awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

j. awarding unpaid wages under the NYLL and the New York State contract law;

k. awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

l. awarding Plaintiffs pre- and post-judgment interest under the NYLL;

m. awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

n. Such other relief as this Court deems just and proper.

Dated: New York, New York
April 9, 2024

Respectfully submitted,

By: /s/ Joshua Levin-Epstein
Joshua Levin-Epstein
Jason Mizrahi
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*