UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- X

ANAIS RIVERA, CATHERINE KARNOFF, CHLOE LYTTLES, MEGHAN SEVER, and RICHMOND JEFFREY *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action*,

           Plaintiffs,

-against-

REBEL DAWG INC., STACIE AMADOR, and DAVID YETT,

           Defendants.

------------------------------------------------------------------------------- X

Case No. 24-cv-02765 (NCM)(JRC)

**DEFENDANTS STACIE AMADOR'S AND DAVID YETT'S ANSWER TO THE COMPLAINT**

  Defendants Stacie Amador ("Amador") and David Yett ("Yett", and together with Amador, the "Defendants"), by and through their attorneys, Gordon Rees Scully Mansukhani LLP, as and for their answer to the Complaint filed by plaintiffs Anais Rivera, Catherine Karnoff, Chloe Lyttles, and Meghan Sever (collectively, "Plaintiffs"), respond as follows:[1]

## ANSWERING "NATURE OF THE ACTION"

  1.  Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

  2.  Defendants deny the allegations contained in Paragraph 2 of the Complaint, except admit that Plaintiffs purport to set forth the relief they seek in this action.

## ANSWERING "JURISDICTION AND VERNUE"

  3.  Paragraph 3 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the

---

[1] Named defendant Rebel Dawg, Inc., is an incorrectly sued entity, and has been an inactive entity since Septembe 4, 2018.

1

allegations contained in Paragraph 3 of the Complaint, and respectfully refer all matters of law to the Court.

4. Paragraph 4 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 4 of the Complaint, and respectfully refer all matters of law to the Court.

5. Paragraph 5 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint, and respectfully refer all matters of law to the Court.

## ANSWERING "THE PARTIES"

**PLAINTIFF ANAIS RIVERA**

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 8 of the Complaint, and respectfully refer all matters of law to the Court.

**PLAINTIFF CATHERINE KARNOFF**

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the

allegations contained in Paragraph 11 of the Complaint, and respectfully refer all matters of law to the Court.

**PLAINTIFF CHLOE LYTTLES**

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14 of the Complaint, and respectfully refer all matters of law to the Court.

**PLAINTIFF MEGHAN SEVER**

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 17 of the Complaint, and respectfully refer all matters of law to the Court.

**PLAINTIFF RICHMOND JEFFREY**

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 20 of the Complaint, and respectfully refer all matters of law to the Court.

**DEFENDANT REBEL DAWG, INC.**

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23 of the Complaint, and respectfully refer all matters of law to the Court.

24. Paragraph 24 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 24 of the Complaint, and respectfully refer all matters of law to the Court.

**DEFENDANT STACIE AMADOR**

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

27. Paragraph 27 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 27 of the Complaint, and respectfully refer all matters of law to the Court.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal contentions and/or legal conclusions

to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 29 of the Complaint, and respectfully refer all matters of law to the Court.

**DEFENDANT DAVID YETT**

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

32. Paragraph 32 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 32 of the Complaint, and respectfully refer all matters of law to the Court.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 34 of the Complaint, and respectfully refer all matters of law to the Court.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 36 of the Complaint, and respectfully refer all matters of law to the Court.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 38 of the Complaint, and respectfully refer all matters of law to the Court.

39. Paragraph 39 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 39 of the Complaint, and respectfully refer all matters of law to the Court.

40. Paragraph 40 of the Complaint (including its subparagraphs) contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 40 of the Complaint (including its subparagraphs), and respectfully refer all matters of law to the Court.

41. Paragraph 41 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 41 of the Complaint, and respectfully refer all matters of law to the Court.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

## ANSWERING "FACTUAL ALLEGATIONS"

*Anais Rivera*

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

### *Catherine Karnoff*

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

### *Chloe Lyttles*

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

### *Meghan Sever*

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

*Richmond Jeffrey*

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

*Factual Allegations Pertaining to all Plaintiffs*

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

**ANSWERING "FLSA COLLECTIVE ACTION ALLEGATIONS"**

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

90. Paragraph 90 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 90 of the Complaint, and respectfully refer all matters of law to the Court.

91. Paragraph 91 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 91 of the Complaint, and respectfully refer all matters of law to the Court.

92. Paragraph 92 of the Complaint does not contain any contentions/allegations to which a response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 92 of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

**ANSWERING "FIRST CLAIM"**
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

93. In response to Paragraph 93 of the Complaint, Defendants repeat and re-allege each of the foregoing responses to Paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94. Paragraph 94 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 94 of the Complaint, and respectfully refer all matters of law

to the Court.

95. Paragraph 95 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 95 of the Complaint, and respectfully refer all matters of law to the Court.

96. Paragraph 96 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 96 of the Complaint, and respectfully refer all matters of law to the Court.

97. Paragraph 97 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 97 of the Complaint, and respectfully refer all matters of law to the Court.

98. Paragraph 98 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 98 of the Complaint, and respectfully refer all matters of law to the Court.

**ANSWERING "SECOND CLAIM"**
**(NYLL – Unpaid Overtime Wages)**

99. In response to Paragraph 99 of the Complaint, Defendants repeat and re-allege each of the foregoing responses to Paragraphs 1 through 98 of the Complaint as if fully set forth herein.

100. Paragraph 100 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 100 of the Complaint, and respectfully refer all matters of law

to the Court.

101. Paragraph 101 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 101 of the Complaint, and respectfully refer all matters of law to the Court.

102. Paragraph 102 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 102 of the Complaint, and respectfully refer all matters of law to the Court.

103. Paragraph 103 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 103 of the Complaint, and respectfully refer all matters of law to the Court.

104. Paragraph 104 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 104 of the Complaint, and respectfully refer all matters of law to the Court.

**ANSWERING "THIRD CLAIM"**
**(NYLL –Spread-of-Hours Pay)**

105. In response to Paragraph 105 of the Complaint, Defendants repeat and re-allege each of the foregoing responses to Paragraphs 1 through 98 of the Complaint as if fully set forth herein.

106. Paragraph 106 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the

allegations contained in Paragraph 106 of the Complaint, and respectfully refer all matters of law to the Court.

107. Paragraph 107 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 107 of the Complaint, and respectfully refer all matters of law to the Court.

108. Paragraph 108 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 108 of the Complaint, and respectfully refer all matters of law to the Court.

**ANSWERING "FOURTH CLAIM"**
**(NYLL WTPA – Failure to Provide Wage Notices)**

109. In response to Paragraph 109 of the Complaint, Defendants repeat and re-allege each of the foregoing responses to Paragraphs 1 through 108 of the Complaint as if fully set forth herein.

110. Paragraph 110 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 110 of the Complaint, and respectfully refer all matters of law to the Court.

111. Paragraph 111 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 111 of the Complaint, and respectfully refer all matters of law to the Court.

112. Paragraph 112 of the Complaint contains legal contentions and/or legal conclusions

to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 112 of the Complaint, and respectfully refer all matters of law to the Court.

### ANSWERING "FFITH CLAIM"
### (Violation of the Wage Statement Provisions of the NYLL)

113. In response to Paragraph 113 of the Complaint, Defendants repeat and re-allege each of the foregoing responses to Paragraphs 1 through 112 of the Complaint as if fully set forth herein.

114. Paragraph 114 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 114 of the Complaint, and respectfully refer all matters of law to the Court.

115. Paragraph 115 of the Complaint contains legal contentions and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 115 of the Complaint, and respectfully refer all matters of law to the Court.

### ANSWERING "PRAYER FOR RELEIF"

The "**WHEREFORE**" paragraphs immediately following Paragraph 115 of the Complaint state requests for relief to which no responsive pleading is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

### DEFENSES

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted as against Defendants.

**SECOND DEFENSE**

2. Plaintiffs are not entitled to any relief under the FLSA or the NYLL to the extent they were fully, properly and justly compensated for all of the time that they were suffered or permitted to work under the FLSA and NYLL.

**THIRD DEFENSE**

3. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA and/or the NYLL.

**FOURTH DEFENSE**

4. Defendants, at all times, acted in good faith, without willfulness or intent to violate the FLSA or any other statutes cited in the Complaint. Accordingly, Plaintiffs cannot establish a willful violation under Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and only a two-year statute of limitations should apply to any of Plaintiffs' claims brought under the FLSA.

**FIFTH DEFENSE**

5. Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**SIXTH DEFENSE**

6. Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this

action were done in good faith, and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and/or the NYLL.

## SEVENTH DEFENSE

7. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## EIGHTH DEFENSE

8. Some or all of the claims in the Complaint may be subject to the *de minimis* rule, 29 C.F.R. § 785.47, because they involve insignificant amounts of overtime.

## NINTH DEFENSE

9. If Plaintiffs suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by Plaintiffs' own culpable conduct, including, without limitation, Plaintiffs' failure to inform Defendants of all time worked or to complain to Defendants about any purported violations of applicable wage and hour laws, whether due to allegedly unpaid overtime wages or otherwise.

## TENTH DEFENSE

10. If Plaintiffs succeed in establishing any violation under the FLSA and/or NYLL, and to the extent any sums are found due and owing to Plaintiffs, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above the wages to which they were entitled.

**ELEVENTH DEFENSE**

11. Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or post-liminary to their principal duties and responsibilities.

**TWELFTH DEFENSE**

12. Plaintiffs' claims are frivolous and groundless and known to Plaintiffs to be frivolous and groundless and without foundation in fact or law, in violation of Rule 11 of the Federal Rules of Civil Procedure, and 22 NYCRR 130-1.1. Furthermore, the suit is being pursued in bad faith for vexatious reasons for the purpose of harassing Defendants.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety with prejudice, and granting such other and further relief, including attorneys' fees and costs, that this Court deems just and proper.

Dated: New York, New York
September 12, 2024

Respectfully Submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: /s/ Kuuku Minnah-Donkoh
Kuuku Minnah-Donkoh, Esq.
One Battery Park Plaza, 28th Floor
New York, NY 10004
(212) 269-5500

*Attorneys for Defendants Stacie Amador and David Yett*

16